UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE A. THOMAS #215322,

        Plaintiff,

                                                    File No. 2:08-CV-96

v.

                                                    HON. ROBERT HOLMES BELL

JAMES ARMSTRONG, et al.,

        Defendants.
                                      /

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On July 24, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Lawrence A. Thomas's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 9.) Plaintiff filed objections to the R&R on August 1, 2008. (Dkt. No. 10.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff objects to the R&R because he contends that he has cited mandatory policy directives that give segregation prisoners a liberty interest in having basketballs in each yard cage, full-access cable television, and make-up yard time. He contends that the denial of these benefits constitutes punishment and class discrimination.

Contrary to Plaintiff's assertions, Defendants' alleged failure to comply with state policy directives does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). The R&R appropriately analyzed Plaintiff's claim as a conditions-of-confinement claim under the Eighth Amendment and correctly concluded that Plaintiff has not alleged any deprivations that resulted in the denial of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Upon *de novo* review the Court also agrees with the Magistrate Judge that keeping a prisoner in segregation for four days longer than his sentence does not rise to the level of an "atypical and significant" deprivation that would implicate a protected liberty interest. *See Harden-Bey v. Rutter*, 524 F.3d 789, 792-93 (6th Cir. 2008) (noting that while a thirty-day placement in segregation did not implicate a protected liberty interest, there was a question of fact as to whether an "indefinite" placement that had already lasted three years did implicate a protected liberty interest). The Court also agrees with the Magistrate Judge that Plaintiff's disagreement with specific medical treatments he has received fails to state an Eighth Amendment claim of deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 10) are **DENIED**.

**IT IS FURTHER ORDERED** that the July 24, 2008, Report and Recommendation of the Magistrate Judge (Dkt. No. 9) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: November 24, 2008        /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                UNITED STATES DISTRICT JUDGE